**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

OKSANA KLEBS,
                    Appellant,

                    v.

OFFICE OF PERSONNEL
     MANAGEMENT,
                    Agency.

DOCKET NUMBER
DC-0845-19-0285-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Oksana Klebs</u>, North Potomac, Maryland, pro se.

<u>Michael Shipley</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of a reconsideration decision by the Office of Personnel Management (OPM) because OPM indicated that it had rescinded its reconsideration decision. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed this appeal challenging the January 28, 2019 OPM reconsideration decision, in which OPM determined that the appellant had been overpaid $8,090.80 in Federal Employees Retirement System survivor annuity benefits. Initial Appeal File (IAF), Tab 1, Tab 7 at 10-11. While this appeal was pending before the administrative judge, OPM indicated that it was rescinding its reconsideration decision, and it therefore moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 9 at 4. On April 9, 2019, the administrative judge granted OPM's motion and dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision at 1-2.

On petition for review, the appellant asserts that she received a Notice of Annuity Adjustment from OPM, which stated that, starting on May 1, 2019, OPM began withdrawing money from her survivor annuity. Petition for Review (PFR) File, Tab 1 at 1. The appellant includes on review, among other things, the OPM

notice which indicated that an additional $264.80 was being withheld from her monthly annuity payment "because [OPM] paid [her] too much annuity." *Id.* at 6.

In its response, OPM stated that it prematurely commenced collection of the overpayment with the appellant's May 1, 2019 survivor annuity payment. PFR File, Tab 4 at 4. OPM added that it completed action to cease the collection, and it had authorized a refund of $264.80. *Id.* OPM provided no evidence in support of its assertions. Although the appellant was informed that she had the opportunity to reply to OPM's response, PFR File, Tab 2 at 1, she did not do so.

On July 2, 2019, the Office of the Clerk of the Board ordered OPM to file additional evidence and argument establishing that it had restored the appellant to the status quo ante, and it provided the appellant the opportunity to reply to OPM's response. PFR File, Tab 5. In its response, OPM states that it had refunded the appellant $264.80, and OPM includes a May 10, 2019 payment history screen printout documenting the refund and documentation identifying the appellant's financial institution. PFR File, Tab 6 at 4-7. The appellant did not file a reply to OPM's response.

## DISCUSSION OF ARGUMENTS ON REVIEW

When OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision has been issued, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, if OPM does not restore the appellant to the status quo ante, the reconsideration decision has not been rescinded, and the appeal remains within the Board's jurisdiction. *Id.*, ¶ 10. To rescind an overpayment decision, OPM must, among other things, refund any money that it already collected from the appellant to recoup the alleged overpayment. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 8 (2016).

Here, the record reflects on review that OPM began withholding money from the appellant's survivor annuity benefits based on a reconsideration decision that it rescinded below. PFR File, Tab 1 at 1, 6; IAF, Tab 9 at 4. As noted above, OPM has since provided unrebutted evidence and argument reflecting that its collection efforts have ceased and the appellant has been refunded all the money that was wrongly withheld from her survivor annuity benefits. PFR File, Tabs 4, 6. Accordingly, we find that the undisputed record reflects that OPM has fully restored the appellant to the status quo ante and rescinded the reconsideration decision upon which this appeal is based. The appeal must therefore be dismissed for lack of jurisdiction. *Rorick v. Office of Personnel Management*, 109 M.S.P.R. 597, ¶ 5 (2008).

However, OPM's rescission of its January 28, 2019 reconsideration decision does not render moot the existence or amount of the alleged overpayment or the appellant's possible entitlement to a waiver. *Id.*, ¶ 6. We therefore dismiss the appeal without prejudice to the appellant filing a new appeal with the appropriate regional office concerning any future reconsideration decision by OPM on the same matter. *Id.*, ¶ 7. Any future appeal must be filed within the time limits set forth in the Board's regulations. 5 C.F.R. § 1201.22.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.